FILED: July 14, 2022

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 20-4575
(1:15-cr-00261-ELH-6)

_____

UNITED STATES OF AMERICA

  Plaintiff - Appellee

v.

MARAT MIKE YELIZAROV

  Defendant - Appellant

_____

J U D G M E N T

_____

In accordance with the decision of this court, the defendant's sentence is vacated. This case is remanded to the district court for further proceedings consistent with the court's decision.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 20-4575**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARAT MIKE YELIZAROV,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, Senior District Judge.  (1:15-cr-00261-ELH-6)

—————————

Submitted:  June 29, 2022                                         Decided:  July 14, 2022

—————————

Before DIAZ and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

—————————

Vacated and remanded by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Ellicott City, Maryland, for Appellant.  Paul E. Budlow, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marat Mike Yelizarov pled guilty, pursuant to a written plea agreement, to Hobbs Act conspiracy, 18 U.S.C. § 1951(a); kidnapping, 18 U.S.C. § 1201(a); and brandishing a firearm in relation to a crime of violence, 18 U.S.C. § 924(c). The district court sentenced him in May 2016, to concurrent 132-month sentences on the Hobbs Act conspiracy and kidnapping charges and a consecutive 84-month sentence on the firearm offense, for an aggregate sentence of 216 months.

The district court subsequently granted Yelizarov's 28 U.S.C. § 2255 motion and vacated his § 924(c) conviction in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding that residual clause definition of "violent felony" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague), *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc) (holding that Hobbs Act conspiracy does not categorically qualify as a crime of violence), and *United States v. Walker*, 934 F.3d 375 (4th Cir. 2019) (holding that kidnapping does not categorically qualify as a crime of violence under § 924(c)(3)(A)). The court vacated Yelizarov's sentence and set a date for resentencing on the remaining two counts.

On November 12, 2020, the district court resentenced Yelizarov to concurrent 204-month terms on the Hobbs Act conspiracy and kidnapping offenses. Yelizarov appeals this judgment. Yelizarov's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but addressing whether trial counsel was ineffective for failing to argue for or obtain a lower sentence. Although advised of his right to do so, Yelizarov has not filed a pro se supplemental brief. The

2

Government has moved to dismiss the appeal based on the appeal waiver in Yelizarov's plea agreement.

In accordance with *Anders*, we found a meritorious issue that falls outside the scope of Yelizarov's appeal waiver and requires us to vacate his sentence and remand for resentencing.[1] Specifically, some of the non-mandatory conditions of supervised release included in the written criminal judgment were not orally pronounced at sentencing.

To protect a defendant's right to be present when he is sentenced, "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020) (citations omitted). "Discretionary conditions that appear for the first time in a subsequent written judgment, . . . are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *Singletary*, 984 F.3d at 344. "[W]e review the consistency of [a defendant's] oral sentence and the written judgment de novo, 'comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law.'" *Rogers*, 961 F.3d at 296.

During Yelizarov's sentencing hearing, the district court did not announce three discretionary conditions of supervised release that it ultimately included in the written judgment. These discretionary conditions require that Yelizarov "submit to substance abuse testing," "provide the probation officer with access to any requested financial

---

[1] Because we must vacate Yelizarov's sentence, we will not address Yelizarov's claim that he was denied effective assistance of counsel at sentencing. *See United States v. Singletary*, 984 F.3d 341, 345-46 (4th Cir. 2021).

information," and "refrain from alcohol use."  The district court failed to pronounce or

otherwise incorporate these discretionary conditions into the conditions of supervised

release announced at sentencing.  Where, as here, the court fails to announce non-

mandatory conditions of supervised release that are later included in the written judgment,

the remedy is to vacate the sentence and remand for a full resentencing hearing.[2]

*See Singletary*, 984 F.3d at 347 & n.4.

Accordingly, we deny the Government's motion to dismiss the appeal, vacate

Yelizarov's sentence, and remand for resentencing.  This court requires that counsel inform

Yelizarov, in writing, of the right to petition the Supreme Court of the United States for

further review.  If Yelizarov requests that a petition be filed, but counsel believes that such

a petition would be frivolous, then counsel may move in this court for leave to withdraw

from representation.  Counsel's motion must state that a copy thereof was served on

Yelizarov.  We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the

decisional process.

*VACATED AND REMANDED*

---

[2] Because the sentence was not properly imposed, we do not address any other
potential issues related to Yelizarov's sentence at this juncture.  *See Singletary*, 984 F.3d
at 346-47 (declining to consider additional challenges to original sentence).

FILED: July 14, 2022

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4575,    US v. Marat Yelizarov
1:15-cr-00261-ELH-6

_____

NOTICE OF JUDGMENT

_____

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** The time to file a petition for writ of certiorari runs from the date of entry of the judgment sought to be reviewed, and not from the date of issuance of the mandate. If a petition for rehearing is timely filed in the court of appeals, the time to file the petition for writ of certiorari for all parties runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment. See Rule 13 of the Rules of the Supreme Court of the United States; www.supremecourt.gov.

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available on the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition and included in the docket entry to identify the cases to which the petition applies. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari. In consolidated criminal appeals, the filing of a petition for rehearing does not stay the mandate as to co-defendants not joining in the petition for rehearing. In consolidated civil appeals arising from the same civil action, the court's mandate will issue at the same time in all appeals.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 3900 words if prepared by computer and may not exceed 15 pages if handwritten or prepared on a typewriter. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE**: In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).